COBB, Judge,
dissenting.
The trial judge’s order granting suppression provided:
*738 The Motion to Suppress shall be granted, because when the police officer stopped the defendant from driving away in his vehicle, the police officer did not possess articulable facts upon which a founded suspicion could be based that a crime was being committed and the officer testified he did not arrest the defendant at the time he effected the stop.
The “facts” set forth in the majority opinion reflect the testimony of the arresting officer. There was no finding by the trial judge that he accepted that testimony as factually true, nor was he required to so find. It is an established legal principle that a trial court’s ruling on a motion to suppress evidence comes to an appellate court clothed with a presumption of correctness, and we are obligated to interpret the evidence and available inferences therefrom in the light most favorable to the trial court’s conclusion. Medina v. State, 466 So.2d 1046, 1049 (Fla.1985); Johnson v. State, 438 So.2d 774, 776 (Fla.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984); McNamara v. State, 357 So.2d 410 (Fla.1978).
The record below, given the requisite favorable construction, does not support the majority’s assertion that the initial search was voluntarily consented to, that Jackson was nervous, or that Jackson grabbed the baggie from the officer — because the trial court did not make these factual findings after hearing the testimony.
I would affirm.